Michelle McCandless,  :
   Plaintiff

                                      :              Civil Action No.

  v.

                                      :

Bruegger's Enterprises, Inc,
And
Bruegger's Corporation,
   Defendants  :

## COMPLAINT

Comes now the plaintiff, Michelle McCandless, for a complaint against the defendants above named, states, alleges, and avers as follows:

## JURISDICTION

1. This Court has subject matter jurisdiction under 28 U.S.C. sections 1331 and 1343.

2. This action is commenced pursuant to 28 U.S.C. sections 2201 and 2202 and 42 U.S.C., section 1983.

## GENERAL ALLEGATIONS

3. The plaintiff, Michelle McCandless, is a citizen of the State of Pennsylvania, United States of America.
4. Defendant, Bruegger's Enterprises, Inc., owns and at all times pertinent to the complaint has owned a commercial business located at 1900 Market Street, Philadelphia, PA 19103.
5. Defendant, Bruegger's Corporation, owns and at all times pertinent to the complaint has owned a commercial business located at 1900 Market Street, Philadelphia, PA 19103.
6. Plaintiff is an individual with disabilities that cause a mobility impairment. Plaintiff uses a motorized wheelchair for mobility. Plaintiff would like to eat at defendant's restaurant, but the restaurant is inaccessible to persons using wheelchairs.

7. On July 26, 1990, Congress enacted the Americans with Disabilities Act, 42 U.S.C. section 12101, et seq., establishing the most important civil rights law for persons with disabilities in our country's history.
8. The Congressional statutory findings include: a.) "Some 43,000,000 Americans have one or more physical or mental disabilities." b.) "Historically, society has tended to isolate and segregate individuals with disabilities and despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; c.) "Discrimination against individuals with disabilities persists in such critical areas as…public accommodations; d.) "Individuals with disabilities continually encounter various forms of discrimination, including…the discriminatory effects of architectural barriers"; e.) "The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity…to pursue those opportunities for which our society is justifiably famous."  42 U.S.C. section 12101 (a).
9. Congress went on to state explicitly the purpose of the Americans with Disabilities Act, to be: a.) "To provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; b.) "To provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and c.) "To invoke the sweep of Congressional authority…to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities." 42 U.S.C. section 12101 (b).
10. Congress gave commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992.
11. Nevertheless, Defendants have not eliminated the architectural barrier that prevents persons using wheelchairs from entering the restaurant.
12. One of the most important parts of the Americans with Disabilities Act is Title III, known as the "Public Accommodations and Services Operated by Private Entities." 42 U.S.C. section 12181.
13. Congress included "restaurants" as public accommodations covered by the Act. 42 U.S.C. section 12181.
14. Defendant's business at 1900 Market Street, Philadelphia, PA 19103 is a restaurant.
15. As relevant to the present action, discrimination includes, "a failure to remove architectural barriers…that are structural in nature, in existing facilities…where such is readily achievable." 42 U.S.C. section 12182 (b)(2)(A)(iv).
16. The U.S. Department of Justice, in promulgating the federal regulations to implement this Act, defined "readily achievable" to mean "easily accomplishable and

able to be carried out without much difficulty or expense", including "installing an entrance ramp." 28 C.F.R. section 36.304 (a)-(c).

17. Other commercial facilities similar to the defendant's have made similar modifications, as is requested here. Defendants could easily make the business accessible but has chosen not to comply with the Americans with Disabilities Act.
18. To assist businesses with complying with the ADA, Congress has enacted a tax credit for small businesses and a tax deduction for all businesses. See section 44 and 190 of the IRS Code. An eligible small business is allowed a tax credit equal to 50% of the amount of the eligible access expenditures between $250 and $10,500 for any tax year. A business that removes architectural barriers, e.g. by modifying ramps, grading, entrances, doors and doorways, may receive an annual tax deduction of up to $15,000 each year.
19. Plaintiff wants to eat at defendant's commercial establishment.

## FIRST CLAIM OF RELIEF

20. Pursuant to the Americans with Disabilities Act, 42 U.S.C. section 12101, et. seg., and the federal regulations promulgated pursuant to this Act, 28 C.F.R. 36.304, Defendants were to make the commercial facility at 1900 Market Street, Philadelphia, PA 19103 accessible by January 26, 1992. To date Defendants have not.
21. By failing to remove the architectural barrier where such removal is readily achievable, Defendants discriminate against the plaintiff and violate the Americans with Disabilities Act.

WHEREFORE, the plaintiff, Michelle McCandless, prays that the Court issue an injunction enjoining the defendants from continuing this discrimination and that the Court award plaintiff such additional or alternative relief as may be just, proper and equitable including costs and attorneys fees.

Respectfully submitted:

Caroline Kunz Reeves, Esquire
Attorney for Plaintiff,
Michelle McCandless

Dated: 10/14/09

June 23, 2009

*Via Certified Mail*
Owner/Proprietor
Bruegger's Bagels
1900 Market Street
Philadelphia, PA 19103

Dear Owner/Proprietor:

Re: Access Violations of the Americans with Disabilities Act

I am writing to inform you that your business does not have a wheelchair accessible entrance, which is in violation of the Americans with Disabilities Act of 1990.

I strongly urge you to make this business and all other locations wheelchair accessible. If you have any questions please contact me at 215-922-2226.

Thank you very much for your attention to the above.

Sincerely,

Michelle McCandless

Owner/Proprietor
Bruegger's Bagels
1900 Market Street
Philadelphia, PA 19103

Re: Access Violations of the Americans with Disabilities Act

Dear Owner/Proprietor:

I am writing again to inform you that your business does not have a wheelchair accessible entrance, which is in violation of the Americans with Disabilities Act of 1990. I spoke with the general manager Sue Trombino today and told her that I wanted to go to the restaurant for lunch and could not enter because there are two steps at the entrance.

I strongly urge you to make this business and all other locations wheelchair accessible. If you have any questions please contact me at 215-922-2226.

Thank you very much for your attention to the above.

Sincerely,

*Michelle McCandless*
Michelle McCandless

Case 2:09-cv-04726-SD Document 1 Filed 10/14/09 Page 5 of 6